No. 95-305

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

STATE OF MONTANA,

      Plaintiff and Respondent,

  v.

MICHAL KAPLAN,

      Defendant and Appellant.

**FILED**

JAN 30 1996

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Fourth Judicial District,
                In and for the County of Missoula,
                The Honorable Ed McLean, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

      Douglas Anderson, Missoula, Montana

      For Respondent:

          Honorable Joseph P. Mazurek, Attorney General;
          Kathy Seeley, Assistant Attorney General,
          Helena, Montana

          Robert L. Deschamps III, County Attorney; Betty
          Wing, Deputy County Attorney, Missoula, Montana

Submitted on Briefs:  January 4, 1996

Decided:  January 30, 1996

Filed:

_____
               Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Michal Kaplan was charged with seven counts of stalking, in violation of § 45-5-220, MCA, in the Fourth Judicial District Court, Missoula County. Pursuant to a stipulation between Kaplan and the prosecution, the court found Kaplan not guilty by reason of mental disease or defect. Kaplan appeals. We dismiss the appeal.

We find the following issue dispositive on appeal:

Whether Kaplan can appeal from a judgment finding her not guilty by reason of mental disease or defect.

On March 29, 1994, the Missoula County Attorney filed an information charging Kaplan with three counts of stalking in violation of § 45-5-220, MCA. On August 9, 1994, the county attorney filed another information charging Kaplan with an additional four counts of stalking. On November 18, 1994, the two causes of action were consolidated.

The stalking charges all arose from Kaplan's repeated contact with her former martial arts instructor. Kaplan has a long history of mental illness and has been repeatedly institutionalized in both Alaska and Montana.

On December 19, 1994, Kaplan moved the District Court to dismiss the charges against her on the grounds that § 45-5-220, MCA, is unconstitutional. Following briefing, the court denied Kaplan's motion.

On March 13, 1995, the parties stipulated that Kaplan should be found not guilty by reason of mental disease or defect. Pursuant to the parties' stipulation, the court found Kaplan not

2

guilty by reason of mental disease or defect. Kaplan was committed to the custody of the Superintendent of the Montana State Hospital. Kaplan now appeals the denial of her motion to dismiss.

Section 46-20-104, MCA, entitled "Scope of appeal by defendant," reads, in part:

> (1)  An appeal may be taken by the defendant only from <u>a final judgment of conviction and orders after judgment</u> which affect the substantial rights of the defendant.  [Emphasis added.]

<u>See also</u> Rule 1(d), M.R.App.P.  Kaplan was found not guilty of stalking by reason of mental disease or defect.  Because Kaplan was not convicted, there is no judgment of conviction from which to appeal.  The denial of her motion to dismiss, absent a judgment of conviction, is not itself an appealable order.

Montana statutes provide remedies and avenues of appeal for individuals who are committed following a finding that they suffer from a mental disease or defect.  Sections 46-14-301 through -303, MCA, provide methods for individuals who have been found to suffer from a mental disease or defect to challenge such a finding. Appealing the constitutionality of the statute under which they were found not guilty is not an option.

We conclude that Kaplan cannot appeal from a judgment that she was not guilty by reason of mental disease or defect.  We therefore dismiss her appeal.

Chief Justice

We concur:

_____

_____

_____

_____
Justices

4