No. 03-341

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 244

STATE OF MONTANA,

> Plaintiff and Respondent,

v.

MICHAEL REEDER,

> Defendant and Appellant.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DC 2000-223
Honorable Wm. Nels Swandal, Presiding Judge

COUNSEL OF RECORD:

> For Appellant:

> Gary R. Thomas; Thomas Law Office, Red Lodge, Montana

> For Respondent:

> Hon. Mike McGrath, Attorney General; Robert Stutz,
Assistant Attorney General, Helena, Montana

> Susan Wordal, Office of City Attorney, Bozeman, Montana

Submitted on Briefs:  May 4, 2004

Decided:   September 8, 2004

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1     Michael Reeder appeals from the order entered by the Eighteenth Judicial District Court, Gallatin County, affirming in part and reversing in part the judgment and sentence entered by the Bozeman Municipal Court upon a jury verdict convicting him of the misdemeanor offense of driving under the influence of alcohol. We dismiss for lack of jurisdiction.

¶2     The dispositive issue on appeal is whether this Court has jurisdiction to address a criminal defendant's appeal absent a final judgment of conviction.

## BACKGROUND

¶3     A Bozeman Municipal Court jury convicted Reeder of driving under the influence of alcohol (DUI) and the Municipal Court sentenced him. Reeder appealed to the District Court and submitted a brief raising 22 issues. The District Court summarily dismissed some issues and consolidated others, leaving eight issues remaining. After briefing, the District Court determined two issues were dispositive. It affirmed the Municipal Court's denial of Reeder's motion to suppress his preliminary breath test result, concluding Reeder's due process rights were not violated when an officer administered the test after reading the Preliminary Alcohol Screening Test Advisory Card (PAST). The District Court reversed Reeder's conviction and remanded for a new trial, however, determining the Municipal Court erroneously admitted the results of an Intoxilyzer breath test without proper foundation and the error was not

2

harmless. Reeder appeals, raising the PAST issue and issues not addressed by the District Court.

## DISCUSSION

¶4 Rule 1(d), M.R.App.P., provides that "[a]ppeals may be taken in criminal cases as provided in sections 46-20-103 and 46-20-104, Montana Code Annotated." Section 46-20-103, MCA, allows the State of Montana to appeal from orders and judgments producing certain delineated results. Section 46-20-104, MCA, reads, in pertinent part, as follows:

> (1) An appeal may be taken by the defendant only from a final judgment of conviction and orders after judgment which affect the substantial rights of the defendant.

Although neither party contests this Court's jurisdiction over this case in its entirety, we may address the question of our jurisdiction *sua sponte*. *Losleben v. Oppedahl*, 2004 MT 5, ¶ 25, 319 Mont. 269, ¶ 25, 83 P.3d 1271, ¶ 25 (citation omitted).

¶5 In *State v. Kaplan* (1996), 275 Mont. 108, 109, 910 P.2d 240, 241, we relied on Rule 1(d), M.R.App.P., and § 46-20-104, MCA, in dismissing a criminal defendant's appeal when the district court had found the defendant not guilty by reason of mental disease or defect in accordance with the parties' stipulation. We reasoned that "[b]ecause Kaplan was not convicted, there is no judgment of conviction from which to appeal."

¶6 In *City of Billings v. Whalen* (1990), 242 Mont. 293, 296, 790 P.2d 471, 473, a defendant was convicted of DUI in the city court and appealed to the district court. Before trial, the district court granted the defendant's motion to suppress evidence based on an illegal arrest and denied the defendant's motion to dismiss for an alleged violation of his

3

right to a speedy trial. The City appealed from the grant of the suppression motion, as allowed by § 46-20-103(2)(e), MCA, and the defendant cross-appealed from the denial of his motion to dismiss. We affirmed the district court on the suppression motion issue. *Whalen*, 242 Mont. at 298, 790 P.2d at 475. Relying on § 46-20-104, MCA, and Rule 1(d), M.R.App.P., we dismissed the cross-appeal because the defendant's guilt or innocence had not been determined. *Whalen*, 242 Mont. at 299, 790 P.2d at 475.

¶7 Like the defendants in *Kaplan* and *Whalen*, Reeder does not currently stand convicted of a criminal offense and no final judgment of conviction has been entered. Instead, the District Court reversed and remanded his case to the Municipal Court for a new trial. Therefore, pursuant to Rule 1(d), M.R.App.P., and § 46-20-104(1), MCA, this Court lacks jurisdiction over this appeal. *See Kaplan*, 275 Mont. at 109, 910 P.2d at 241; *Whalen*, 242 Mont. at 299, 790 P.2d at 475.

¶8 The State contends that, although we lack jurisdiction over the issues not addressed by the District Court, we may properly address Reeder's PAST issue because *State v. Turbiville*, 2003 MT 340, 318 Mont. 451, 81 P.3d 475, "controls the outcome of this issue . . . ." Reeder concedes that *Turbiville* controls, but he argues that under *City of Missoula v. Robertson*, 2000 MT 52, 298 Mont. 419, 998 P.2d 144, this Court may address issues not addressed by the District Court under certain circumstances. Having concluded that we lack jurisdiction over this appeal in its entirety, we decline to address the parties' arguments regarding our jurisdiction over particular issues.

¶9    We conclude we lack jurisdiction over this appeal in its entirety because Reeder does not currently stand convicted of a criminal offense and no final judgment of conviction has been entered.  Therefore, we dismiss this appeal.


                                        /S/ KARLA M. GRAY


We concur:


/S/ JAMES C. NELSON
/S/ PATRICIA O. COTTER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE