No. 04-229

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 309

RAYMOND JOHN BRADLEY, Personal Representative for the
Estate of STEPHEN E. BRADLEY, d/b/a Native
American Indian Design,

        Plaintiff and Respondent,

   v.

CROW TRIBE OF INDIANS,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                In and for the County of Yellowstone, Cause No. DV 2000-0980,
                The Honorable Susan P. Watters, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

        Urban J. Bear Don't Walk, Crow Legal Department, Crow Agency, Montana

        For Respondent:

        Thomas E. Towe, Towe, Ball, Enright, Mackey & Sommerfield, PLLP,
        Billings, Montana

                        Submitted on Briefs:  January 11, 2005

                                Decided:  December 9, 2005

Filed:

                             Clerk

Justice John Warner delivered the Opinion of the Court.

¶1    The Crow Tribe of Indians (Tribe) appeals from a November 12, 2003, judgment filed in the District Court for Yellowstone County. The judgment is based on an order of the District Court which reinstated a prior judgment of February 15, 2002, which granted summary judgment to Bradley's predecessor personal representative, Sarah Bradley. The current personal representative is Raymond John Bradley, and both the predecessor and current personal representative are referred to as "Bradley." We reverse and remand for further proceedings.

¶2    We restate the issue on appeal as follows:

¶3    Did the District Court err when it reinstated the February 15, 2002, Judgment in favor of Bradley?

## I. FACTUAL AND PROCEDURAL BACKGROUND

¶4    Most of the facts of this already protracted litigation are stated in *Bradley v. Crow Tribe of Indians*, 2003 MT 82, 315 Mont. 75, 67 P.3d 306, (*Bradley I*). Those facts stated in *Bradley I* that are relevant to this appeal are summarized as follows:

¶5    Bradley sued the Tribe alleging it breached an employment contract with him and failed to pay him as provided by contract. The Tribe moved to dismiss the action on grounds that the District Court lacked personal and subject matter jurisdiction due to the Tribe's sovereign immunity. The District Court denied the Tribe's motion to dismiss, concluding that applicable law permitted Indian tribes to be sued in state courts for causes of action arising from "commercial activities" carried on in the United States, and that the alleged

contract provision was a waiver of the Tribe's sovereign immunity. However, the District Court reserved the right to readdress the issue of subject matter jurisdiction.

¶6 Later, Bradley moved for summary judgment. The Tribe failed to respond to Bradley's motion, and for this reason the District Court granted Bradley's motion on February 5, 2002, and entered judgment in his favor on February 15, 2002, in the amount of $113,972.79.

¶7 On March 12, 2002, the Tribe moved to either alter or amend the February 15, 2002, judgment under Rule 59(g), M.R.Civ.P., or in the alternative to set aside the judgment under Rule 60(b), M.R.Civ.P. The tribe said that its prior counsel had failed to notify the Tribe of Bradley's motion for summary judgment and, as a result, the Tribe had not filed a timely brief in opposition to the motion. The Tribe also argued that the District Court should set aside the judgment because the District Court's order on which it was based addressed sovereign immunity and whether the District Court had the subject matter jurisdiction to enforce the terms of the alleged contract. This motion was timely under Rule 60(b), M.R.Civ.P.

¶8 The District Court ordered a hearing on the Tribe's motion to set aside the judgment of February 15, 2002, and 87 days after the motion was filed, on June 7, 2002, granted relief under Rule 60(b), M.R.Civ.P., in favor of the Tribe, dismissing the lawsuit in its entirety. Bradley appealed, resulting in the decision in *Bradley I*.

¶9 In *Bradley I*, this Court addressed and decided the issue of whether the District Court erred when it dismissed Bradley's claim because the Tribe had not unequivocally waived its

3

immunity from suit in state court. The Court concluded the District Court did err when it dismissed Bradley's complaint for lack of subject matter jurisdiction and determined that the undisputed evidence established two things: (a) a valid contract existed between Bradley and the Tribe; and (b) in such contract, the Tribe unequivocally waived its right to sovereign immunity. *Bradley I*, ¶ 22. Accordingly, the District Court's order dismissing Bradley's complaint for lack of jurisdiction was reversed, and this case was remanded to the District Court for further proceedings. *Bradley I*, ¶ 22.

¶10 The saga continued upon remand to the District Court. Bradley moved for Entry of Judgment in his favor. He argued that the summary judgment of February 15, 2002, should be reinstated. On November 12, 2003, the District Court granted Bradley's Motion for Entry of Judgment, and ordered the summary judgment of February 15, 2002, reinstated. On November 20, 2003, judgment was again entered in favor of Bradley and against the Tribe in the amount of $113,972.79, together with interest from February 15, 2002. The District Court did not rule on the Tribe's motion to alter or amend judgment within the 60 days provided by Rule 60(c), M.R.Civ.P., and it was deemed denied. The Tribe now appeals the November 20, 2003, judgment.

¶11 Bradley's initial motion for summary judgment prayed for a judgment in his favor that the Tribe was liable to him on all issues raised, damages plus interest for an invoice he had submitted to the Tribe, and the remainder of the funds held by the Tribe on the contract in question. The motion stated that the matter of consequential damages would remain to be submitted to the trier of fact. The District Court did enter judgment as demanded by

4

Bradley, including interest and costs.   In his Affidavit in Support of Calculation of Prejudgment Interest filed on February 15, 2002, Bradley claimed that his "total damages and prejudgment interest" amounted to $113,972.79, and the District Court's Judgment entered on February 15, 2002, awarded him this exact amount.   After remand, in his motion to reinstate the February 15, 2002, judgment,  Bradley made no prayer for any additional damages.  Nor were any awarded.  Bradley has made no motion to dismiss this appeal as the judgment in his favor is not complete and final.  He does not pray that the case be remanded to assess additional, consequential, damages.  He seeks only to have the District Court judgment affirmed.

## II. STANDARD OF REVIEW

¶12    The District Court order of November 12, 2003, in effect, is a grant of summary judgment to Bradley.  Our standard of review for a District Court's order granting summary judgment is *de novo,* using the same Rule 56, M.R.Civ.P., criteria applied by the District Court. *Abraham v. Nelson,* 2002 MT 94, ¶ 9, 309 Mont. 366, ¶ 9, 46 P.3d 628, ¶ 9.  We look to the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits to determine the existence or nonexistence of genuine issues of material fact. *Erker v. Kester,* 1999 MT 231, ¶ 17, 296 Mont. 123, ¶ 17, 988 P.2d 1221, ¶ 17.

¶13    Summary judgment is an extreme remedy which should be granted only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Lee v. USAA Casualty Insurance Co.,* 2001 MT 59, ¶ 25, 304 Mont. 356, ¶ 25, 22 P.3d 631, ¶ 25.  "The party seeking summary judgment, therefore, has the burden of

demonstrating a complete absence of any genuine factual issues." *Lee,* ¶ 25. "The party seeking summary judgment also must overcome the burden that all reasonable inferences that might be drawn from the offered evidence will be drawn in favor of the party opposing summary judgment." *Lee,* ¶ 25.

¶14     Where the moving party is able to demonstrate that no genuine issue as to any material fact remains in dispute, the burden shifts to the party opposing the motion. *Lee,* ¶ 26. "This burden shift requires that the opposing party present material and substantial evidence, rather than merely conclusory or speculative statements, to raise a genuine issue of material fact." *Lee,* ¶ 26.

¶15     This Court has routinely stated that the purpose of summary judgment is to eliminate unnecessary trials, but that summary adjudication "should never be substituted for a trial if a material factual controversy exists." *Boyes v. Eddie,* 1998 MT 311, ¶ 16, 292 Mont. 152, ¶ 16, 970 P.2d 91, ¶ 16.

### III. DISCUSSION

¶16     **Did the District Court err when it reinstated the February 15, 2002, Judgment in favor of Bradley?**

¶17     In granting Bradley's Motion for Entry of Judgment, and in reinstating the February 15, 2002, judgment, the District Court concluded as a matter of law that even though it had been established by this Court that a valid contract existed between the parties and Montana Courts had jurisdiction over the controversy, it did not have jurisdiction to hear any of the issues raised in the Tribe's original Motion to Alter, Amend or Set Aside the February 15,

6

2002, judgment. The District Court reasoned that, prior to the appeal in *Bradley I*, it had lost jurisdiction over the February 15, 2002, judgment because it did not rule on the Tribe's motion to set it aside within the 60 days provided by Rule 60(c), M.R.Civ.P. Therefore, the motion was deemed denied. The District Court concluded that the reversal in *Bradley I* left the judgment of February 15, 2002, in place. It further concluded that it could not change that judgment, because the time within which it could do so had expired prior to the time it entered its now reversed order of June 7, 2002. Thus, the February 15, 2002, judgment must stand and the District Court had no way to reconsider it.

¶18 The Tribe points out that the reason all of the issues raised in its motion to set aside the judgment of February 2, 2002, were not addressed by the District Court prior to the appeal in *Bradley I* is because the District Court decided that it did not have jurisdiction to hear any part of the case. The Tribe argues that once this Court concluded on appeal that the District Court did have jurisdiction to hear the case and remanded for further proceedings, the District Court was required to reconsider its February 15, 2002, judgment, and it was error not to do so.

¶19 Bradley argues that the District Court was correct. He points out the following: (1) the Tribe did not appeal the February, 15, 2002, judgment; (2) it did not appeal the deemed denial of its motion to set aside the judgment;[1] and (3) it did not cross-appeal the denial of its motion to set aside when he appealed the June 7, 2002, order dismissing this case. Thus,

---

[1] The Tribe's Rule 59, M.R.Civ.P., motion to alter or amend the February 15, 2002, judgment was untimely, and thus cannot be, and is not, considered.

he argues that when the case was returned to the District Court, it had no choice but to reinstate the February 15, 2002, judgment. He further argues that the Tribe cannot now appeal on the merits its motion to set that judgment aside.

¶20 Our instructions to the District Court upon remand of this case were that the District Court had jurisdiction to hear the case because a valid contract existed between Bradley and the Tribe in which the Tribe unequivocally waived sovereign immunity. Accordingly, the case was remanded to the District Court for "further proceedings." *Bradley I*, ¶ 22. Bradley ignores the fact that if the District Court could do nothing but re-enter judgment in favor of Bradley, there was no reason for this Court to remand the case.

¶21 A somewhat analogous case on this point is *State ex rel. United States F. & G. Co. v. Dist. Ct.* (1926), 77 Mont. 594, 251 P. 1061. In that case, this Court had to consider a previous ruling it had made. In the previous ruling, this Court "did not order a new trial or the taking of additional evidence, but reversed and remanded the cause to the lower court." *State ex rel. United States F. & G. Co.*, 77 Mont. at 608, 251 P. at 1065. There was no mention of the necessity of "further proceedings." We explained that the District Court, in response to the ruling, only had the authority "to make a judicial declaration that the plaintiff was not entitled to recover from the defendant and to dismiss the cause upon the merits." *State ex rel. United States F. & G. Co.*, 77 Mont. at 608-09, 251 P. at 1065. In essence, this Court had explained in the previous ruling what the District Court was to do, and it was error for the District Court to do otherwise. Similarly, in the present case, this Court in *Bradley I* instructed the District Court that it was to hold "further proceedings." Thus, although it

8

accepted argument on Bradley's motion to enter judgment, the District Court did not hold further proceedings on the merits of the case, and thus was in error.

¶22 On remand of a case, "the trial court may consider or decide any matters left open by the appellate court, and is free to make any order or direction in further progress of the case, not inconsistent with the decision of the appellate court, as to any question not presented or settled by such decision." *Zavarelli v. Might* (1989), 239 Mont. 120, 125-26, 779 P.2d 489, 493. It is not automatic that upon reversal of a District Court order dismissing a lawsuit that the case reverts back to the procedural point it was at immediately before the reversed order.

¶23 The District Court concluded in its now reversed judgment of June 7, 2002, that because a signed copy of the agreement had not been produced, it was not sufficient to overcome the presumption against a waiver of immunity and dismissed the action for lack of jurisdiction. In its order, the District Court addressed only the Tribe's immunity from suit. At no point in this litigation has the District Court considered the merits of the issues raised by the Tribe in support of its Rule 60(b), M.R.Civ.P., motion. The Tribe's Rule 60(b), M.R.Civ.P., motion was timely, and the District Court held a hearing on the motion. Still, it did not enter its order within the 60 days given by Rule 60(c), M.R.Civ.P. That time expired Monday, May 13, 2002. The Tribe then had thirty days to appeal this denial. However, in these singular circumstances, an appeal became unnecessary before this thirty-day period had expired. The District Court's order of June 7, 2002, granted the Tribe complete relief by dismissing the action.

¶24 Bradley argues that, nevertheless, the Tribe should have appealed the denial of its

9

motion under Rule 60(b), M.R.Civ.P., relying on *Plotkin v. Pac. Tel. and Tel. Co.* (1982), 688 F.2d 1291. *Plotkin* is inapposite, however, because the District Court in *Plotkin* remained consistent with its rulings. This is unlike the present case, where the District Court set aside its previous ruling. In this case, the Tribe would be effectively deprived of its right to appeal the District Court's denial of its Rule 60(b), M.R.Civ.P., motion if we were to affirm the District Court's judgment of November 20, 2003.

¶25 We further conclude, based on our *de novo* review of the record, that the deemed denial of the Tribe's Rule 60(b), M.R.Civ.P., motion to set aside the judgment of February 15, 2002, was error.

¶26 There is no provision in Rule 56, M.R.Civ.P., for entry of a summary judgment by default. Summary judgment may not be entered against a party only because they did not respond to the motion, or did not show up at the hearing. Still, where the moving party is able to demonstrate that no genuine issue as to any material fact remains in dispute, the burden shifts to the party opposing the motion. *Lee,* ¶ 26. Thus, if Bradley, as the moving party, had presented sufficient evidence to show that there were no material facts in issue, and he was entitled to judgment as a matter of law, and the Tribe did not appear and rebut such evidence, Bradley would be entitled to summary judgment. In connection with the February 15, 2002, summary judgment, the District Court noted that it had reviewed Bradley's brief and other documents in support of his motion for summary judgment, and said "good cause appearing" before granting Bradley's motion for summary judgment. The District Court also noted that the Tribe failed to either respond to Bradley's motion for

10

summary judgment or appear at the hearing on this motion.

¶27 However, the evidence in the record back in February of 2002 did raise a genuine issue of material fact as to whether the contract could be terminated merely by giving thirty days written notice, as well as for cause. The contract in question, which was in the record, contained a termination clause which reads in pertinent part:

> This AGREEMENT may be terminated ~~for convenience~~ on 30 day's (sic) written notice, or for cause if either party fails substantially to perform through no fault of the other and does not commence correction of such nonperformance within five days of written notice and diligently complete the correction thereafter.

The contract was drafted by Bradley and the term "for convenience" was stricken from the termination clause and initialed by Bradley. The change was not initialed by anyone from the Tribe. It cannot be determined from the contract alone if the change in the termination clause was agreed to by the Tribe, since the only copy of the contract that we have for review is one that Bradley had in his possession, and that copy has not been signed by the Tribe. Also, even with the change, the amended termination clause provides for termination on "30 day's (sic) written notice, or for cause."

¶28 Contractual provisions should be interpreted according to their plain, ordinary meaning. *Ophus v. Fritz*, 2000 MT 251, ¶ 23, 301 Mont. 447, ¶ 23, 11 P.3d 1192, ¶ 23. When the language of the contract is clear and unambiguous, a court is to apply the language as written. *Ophus*, ¶ 23. However, the contract in question here is subject to different interpretations, and is therefore ambiguous. *Tvedt v. Farmers Ins. Group of Cos.*, 2004 MT 125, ¶ 24, 321 Mont. 263, ¶ 24, 91 P.3d 1, ¶ 24. When a contract is ambiguous, a factual

question exists and the finder of fact must determine what it means by considering the intention of the parties. Section 28-3-306(1), MCA; *Carelli v. Hall* (1996), 279 Mont. 202, 209, 926 P.2d 756, 761; *Klawitter v. Dettmann* (1994), 268 Mont. 275, 281, 886 P.2d 416, 420. In this case, a genuine issue of material fact exists as to whether the Tribe properly terminated Bradley, and summary judgment is precluded.

¶29 A genuine issue of material fact also exists as to the damages that should be awarded to Bradley should he prevail. If one party breaches a contract, judicial enforcement of the contract ensures the non-breaching party receives expectancy damages, compensation equal to what that party would receive if the contract were performed. *Arrowhead Sch. Dist. No. 75, Park County v. Klyap*, 2003 MT 294, ¶ 20, 318 Mont. 103, ¶ 20, 79 P.3d 250, ¶ 20; *see also* § 27-1-311, MCA. Additionally, damages which are not clearly ascertainable in both their nature and origin cannot be recovered for a breach of contract. *Larson v. Undem* (1990), 246 Mont. 336, 342, 805 P.2d 1318, 1322; § 27-1-311, MCA. The Tribe has conceded that if Bradley was properly terminated, he is entitled to payment for work completed prior to termination in the amount of $4,320. If he was terminated in violation of the contract, he may be entitled to additional contract damages, the amount of which is in dispute. Summary judgment fixing damages is not proper.

¶30 We hold that the District Court erred in again granting summary judgment to Bradley after this case was remanded.

### IV. CONCLUSION

¶31 The judgment of the District Court reinstating the February 15, 2002, order granting

12

summary judgment in favor of Bradley is reversed. This case is remanded for further proceedings in conformity with this Opinion.

/S/ JOHN WARNER

We Concur:

/S/ W. WILLIAM LEAPHART
/S/ PATRICIA O. COTTER
/S/ BRIAN MORRIS
/S/ JIM RICE

Justice James C. Nelson concurs and dissents.

¶32 I concur in our remand. I also agree with Chief Justice Gray's dissent and conclusion that we should deny appellate review of this cause because the partial summary judgment granted by the trial court was not properly certified as a final judgment under Rule 54(b), M.R.App.P.

¶33 This cause should be remanded to the District Court with instructions that the court entertain further proceedings to conclude the litigation in this case and to enter a final judgement encompassing all issues related to the alleged breach of Bradley's contract by the Tribe. If those proceedings require further hearings on summary or a full trial because there are genuine issues of material fact, then so be it. Following the entry of final judgment, an appeal can be filed by the aggrieved party.

¶34 This case has become a procedural briar patch. In my view, *Bradley I* was wrongly decided. *See Bradley v. Crow Tribe of Indians,* 2003 MT 82, ¶¶ 23-40, 315 Mont. 75, ¶¶ 23-40, 67 P.3d 306, ¶¶ 23-40 (Nelson, J., dissenting). That was our first mistake. Our second mistake was to remand for "further proceedings" without any direction to the trial judge as to what those further proceedings should encompass. It appears that the Tribe has meritorious defenses, yet its ability to present and litigate those has been frustrated by procedural entanglements including: the dismissal--erroneous as it turned out--of Bradleys complaint for lack of subject matter jurisdiction; the uncertain status of Bradley's summary judgment, judgment on remand; Bradley's new summary judgment motion on remand; the court's reinstatement of the original February 15, 2002 judgment; the court's determination--

14

again, erroneous as it turned out--that it did not have jurisdiction over the Tribe's motion to alter or amend, and the deemed denial of that motion.

¶35    This case needs to be remanded; the Tribe's defenses need to be heard and ruled upon either in summary judgment proceedings or in a trial; and a final judgment disposing of all of Bradley's claims needs to be rendered.  That will leave us free to start the third round of appeals.

¶36    I concur and dissent.

/S/ JAMES C. NELSON

Chief Justice Gray, concurring in part and dissenting in part.

¶37    I concur in the remand result reached by the Court.  I respectfully dissent, however, from the means by which the Court reaches that result.

¶38    The overriding question presented by this appeal is whether we have jurisdiction to address it.  It is my view that this appeal is not properly before us and, consequently, we do not have jurisdiction to entertain it.  While no party advances this argument, our authority to determine whether jurisdiction exists can be--and I believe in this case, must be--raised *sua sponte*. *See*, *e.g.*, *State v. Reeder*, 2004 MT 244, ¶ 4, 323 Mont. 15, ¶ 4, 97 P.3d 1104,¶ 4 (citation omitted); *Losleben v. Oppedahl*, 2004 MT 5, ¶ 25, 319 Mont. 269 ¶ 25, 83 P.3d 1271, ¶ 25 (citation omitted).  While some may be dismayed by my analysis, particularly given the amount of time this case has been in litigation and on appeal, it would be inappropriate to fail to raise this issue.

¶39    Bradley's complaint against the Tribe, filed October 10, 2000, claimed breach of contract/wrongful termination.  It also asserted a right to recover under the common law theories of quantum meruit, unjust enrichment, breach of fiduciary obligation, constructive trust, conversion and breach of the implied contract of good faith and fair dealing.  His motion for summary judgment, filed November 27, 2001, sought judgment against the Tribe on "all issues of liability"; judgment for $4,320 in damages for an August 15, 2000 invoice and prejudgment interest thereon; and judgment for all damages remaining in the fund for the project--and which had not been paid because of the Tribe's breach of contract--in the amount of $100,715, plus prejudgment interest thereon.  The motion stated that "[t]his leaves

only the issue of consequential damages to be presented to the trier of facts." Bradley's brief and supporting exhibits addressed the existence of a contract, the breach thereof, damages claimed for the breach and prejudgment interest. Bradley's motion and brief did not address the other claims in his complaint in any fashion. The brief did state, apparently corresponding to the "consequential damages" statement in the motion, that the Tribe was obligated to pay, "at the very least," the amounts set forth above. Bradley requested that judgment be entered accordingly.

¶40 By its terms, the motion--although denominated a motion for summary judgment--was a motion for partial summary judgment. The District Court granted Bradley's motion as presented and entered judgment thereon. Shortly thereafter, Bradley's counsel filed a notice of entry of "a Judgment." No further proceedings occurred on Bradley's other claims or on consequential damages. The District Court did not certify the judgment as final for purposes of appeal pursuant to Rule 54(b), M.R.Civ.P. Nor was the situation corrected during the remand of this case following the first appeal on the subject matter jurisdiction issue.

¶41 This appeal is not properly before us. We should so rule. Instead, the Court overlooks these important matters by simply saying the District Court gave Bradley what he requested. The salient point, however, is that pursuant to the claims in Bradley's complaint and his own observation in the motion that consequential damages would remain to be determined, no full and final judgment was entered. Consequently, we are without jurisdiction to entertain this appeal. Contrary to the Court's somewhat disingenuous reliance on the facts that Bradley did not later seek additional damages, move to dismiss this appeal

17

or request a remand for additional damages, I submit that only this Court can determine its jurisdiction. No party can do so, by either act or omission.

¶42    I do not look forward to future cases--which are sure to come--urging us to ignore the absence of both a final judgment and a Rule 54(b) certification, and substantively address an appeal in which we are without jurisdiction. I cannot join the Court's implicit conclusion that this appeal is properly before us and that we have jurisdiction to address it.


/S/ KARLA M. GRAY

18