CHIEF JUSTICE GRAY,
concurring in part and dissenting in part.
¶37 I concur in the remand result reached by the Court. I respectfully dissent, however, from the means by which the Court reaches that result.
¶38 The overriding question presented by this appeal is whether we have jurisdiction to address it. It is my view that this appeal is not properly before us and, consequently, we do not have jurisdiction to entertain it. While no party advances this argument, our authority to determine whether jurisdiction exists can be-and I believe in this case, must be-raised sua sponte. See, e.g., State v. Reeder, 2004 MT 244, ¶ 4, 323 Mont. 15, ¶ 4, 97 P.3d 1104, ¶ 4 (citation omitted); Losleben v. Oppedahl, 2004 MT 5, ¶ 25, 319 Mont. 269 ¶ 25, 83 P.3d 1271, ¶ 25 (citation omitted). While some may be dismayed by my analysis, particularly given the amount of time this case has been in litigation and on appeal, it would be inappropriate to fail to raise this issue.
¶39 Bradley’s complaint against the Tribe, filed October 10, 2000, claimed breach of contract/wrongful termination. It also asserted a right to recover under the common law theories of quantum meruit, unjust enrichment, breach of fiduciary obligation, constructive trust, conversion and breach of the implied contract of good faith and fair dealing. His motion for summary judgment, filed November 27, 2001, sought judgment against the Tribe on “all issues of liability”; judgment for $4,320 in damages for an August 15,2000 invoice and prejudgment interest thereon; and judgment for all damages remaining in the fund for the project-and which had not been paid because of the Tribe’s breach of contract-in the amount of $100,715, plus prejudgment interest thereon. The motion stated that “[tjhis leaves only the issue of consequential damages to be presented to the trier of facts.” Bradley’s brief and supporting exhibits addressed the existence of a contract, the breach thereof, damages claimed for the breach and prejudgment interest. Bradley’s motion and brief did not address the other claims in his complaint in any fashion. The brief did state, apparently corresponding to the “consequential damages” statement *461 in the motion, that the Tribe was obligated to pay, “at the very least,” the amounts set forth above. Bradley requested that judgment be entered accordingly.
¶40 By its terms, the motion-although denominated a motion for summary judgment-was a motion for partial summary judgment. The District Court granted Bradley’s motion as presented and entered judgment thereon. Shortly thereafter, Bradley’s counsel filed a notice of entry of “a Judgment.” N o farther proceedings occurred on Bradley’s other claims or on consequential damages. The District Court did not certify the judgment as final for purposes of appeal pursuant to Rule 54(b), M.R.Civ.P. Nor was the situation corrected during the remand of this case following the first appeal on the subject matter jurisdiction issue.
¶41 This appeal is not properly before us. We should so rule. Instead, the Court overlooks these important matters by simply saying the District Court gave Bradley what he requested. The salient point, however, is that pursuant to the claims in Bradley’s complaint and his own observation in the motion that consequential damages would remain to be determined, no full and final judgment was entered. Consequently, we are without jurisdiction to entertain this appeal. Contrary to the Court’s somewhat disingenuous reliance on the facts that Bradley did not later seek additional damages, move to dismiss this appeal or request a remand for additional damages, I submit that only this Court can determine its jurisdiction. No party can do so, by either act or omission.
¶42 I do not look forward to future cases-which are sure to come-urging us to ignore the absence of both a final judgment and a Rule 54(b) certification, and substantively address an appeal in which we are without jurisdiction. I cannot join the Court’s implicit conclusion that this appeal is properly before us and that we have jurisdiction to address it.