FILED

December 4 2007

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 06-0840

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 316N

WILLIAM D. BELL,

      Plaintiff and Appellant,

  v.

GRAVEYARD CREEK RANCH, INC., ELVAN
PASHA a/k/a PEE WEE PASHA, NANCY PASHA,
BRAD ADLER and AMY ADLER,

      Defendants and Appellees.

APPEAL FROM:    District Court of the Sixteenth Judicial District,
In and For the County of Rosebud, Cause No. DV 04-14
Honorable Gary L. Day, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          W. Scott Green, Patten, Peterman, Bekkedahl & Green, Billings, Montana

      For Appellees:

          James M. Ragain and John R. Christensen, Ragain, Christensen, Fulton &
Filz, Billings, Montana

Submitted on Briefs:  October 24, 2007

Decided:  December 4, 2007

Filed:

_____
                   Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant William Bell (Bell) appeals the District Court's order granting summary judgment to Graveyard Creek Ranch, Inc., Elvan and Nancy Pasha, and Brad and Amy Adler (Pashas), and the denial of his motion for partial summary judgment. We affirm.

¶3 In 2000, Pashas sold the Graveyard Creek Ranch to Bell. Pashas remained on the ranch following the sale. In September 2001, Pashas sued Bell alleging, among other things, fraud arising out of the sale of the ranch. Bell counterclaimed for unlawful detainer. Those proceedings are herein referred to as "Pasha I."

¶4 Based on a jury verdict, the District Court entered judgment in favor of Bell on his unlawful detainer claim and in favor of Pashas on their fraud claim. As Bell's claim was for unlawful detainer, damages were trebled and the amount of the judgment was $43,900.00. The damages for fraud due to Pashas was $500,000. Pashas did not immediately vacate the ranch following the verdict. Bell appealed the Pasha I fraud judgment and Pashas cross-appealed the treble damages award.

¶5 On February 18, 2004, before this Court rendered a decision in Pasha I, Bell filed the present action. In this action Bell alleges Pashas again unlawfully detained the ranch. Rather than seek to remove Pashas or file an action for trespass, Bell sought a second award of treble damages for unlawful detainer and an order of ejectment.

2

¶6    Shortly after Bell filed this action, Pashas vacated the ranch. Thereafter this case languished. On July 12, 2005, this Court affirmed the judgment in Pasha I. *Graveyard Creek Ranch, Inc. v. Bell*, 2005 MT 172, 327 Mont. 491, 116 P.3d 779. Bell sold the ranch and the judgment in Pasha I was paid in full.

¶7    In this case the District Court concluded on December 11, 2006, that, because no landlord tenant relationship between the parties existed after the judgment in Pasha I and Bell had the right to possess the ranch had he demanded it, an action for unlawful detainer under § 70-27-205, MCA, could not be maintained.

¶8    We review a district court's entry of summary judgment de novo. *Bradley v. Crow Tribe of Indians*, 2005 MT 309, ¶ 12, 329 Mont. 448, ¶ 12, 124 P.3d 1143, ¶ 12. We affirm an entry of summary judgment when there is no genuine issue of material fact raised by the pleadings, depositions, answers to interrogatories, admissions, and affidavits, and the moving party is entitled to judgment as a matter of law. M. R. Civ. P. 56. If the movant meets the burden of showing no genuine issue exists, the burden shifts to the non-moving party to prove the existence of a genuine issue of material fact. *Rasmussen v. Lee*, 276 Mont. 84, 87-88, 916 P.2d 98, 100 (1996). Summary judgment in favor of the nonmoving party is appropriate as long as the court ensures that the original movant had "a full and fair opportunity to meet the proposition, that there is no genuine issue of material fact and the other party is entitled to judgment as a matter of law." *Hereford v. Hereford*, 183 Mont. 104, 108, 598 P.2d 600, 602 (1979).

¶9    The issue of fact in an unlawful detainer action is the immediate right of possession of the property in question. *Kransky v. Hensleigh*, 146 Mont. 486, 490, 409 P.2d 537, 539

3

(1965). Where there is no question of right of possession, an unlawful detainer action fails and must be dismissed. *Rasmussen*, 276 Mont. at 88-92, 916 P.2d 98, 100-03; § 70-27-108, MCA.

¶10    Bell's ownership and right to possession of Graveyard Creek Ranch was determined in Pasha I. *Graveyard Creek Ranch, Inc.*, 2005 MT 172, ¶ 19, 327 Mont. 491, ¶ 19, 116 P.3d 779, ¶ 19. No genuine issue of material fact exists as to the lack of a landlord tenant relationship between Pashas and Bell because the judgment in Pasha I terminated whatever landlord tenant relationship existed prior to Pasha I. Pashas did not elect to regard themselves as tenants and paid no rent to Bell after the original judgment. Nothing in the record indicates that a tenancy at will was created by the parties after Pasha I. *Cf. State v. Justice Court*, 119 Mont. 89, 95, 171 P.2d 351, 354 (1946) (where a landlord created a month to month tenancy by serving a written notice of increased rent upon a hold-over tenant and electing to treat hold-over tenant as a tenant rather than a trespasser.) Therefore, summary judgment in favor of Pashas was appropriate, and denial of Bell's partial summary judgment motion was proper.

¶11    We have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit.

¶12    Affirmed.

/S/ JOHN WARNER

We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ BRIAN MORRIS
/S/ JIM RICE