JUSTICE BAKER,
concurring in part and dissenting in part.
¶27 I concur with the Court’s holding that, as a shareholder of Glacier Kitchens, Weaver may not assert claims on behalf of the corporate entity. The damages sought in Weaver’s Complaint are damages suffered, if at all, by Glacier Kitchens, and may not be pursued by Weaver personally. I would reverse, however, the District Court’s refusal to allow Weaver the opportunity to amend his complaint to *239 substitute Glacier Kitchens as the named plaintiff.
¶28 Under M. R. Civ. P. 15(a), “ ‘leave [to amend] shall be freely given when justice so requires.’ ” Farmers Coop. Assn. v. Amsden, LLC, 2007 MT 286, ¶ 12, 339 Mont. 445, 171 P.3d 690 (quoting M. R. Civ. P. 15(a)). The decision to grant or deny a motion to amend is within the district court’s discretion. Id. “[T]his does not mean that a court must automatically grant a motion to amend.” Allison v. Town of Clyde Park, 2000 MT 267, ¶ 20, 302 Mont. 55, 11 P.3d 544 (citation omitted). We have, however, long recognized the liberal allowance for amendment of pleadings, and generally “it is the rule to allow amendments and the exception to deny them.” Lien v. Murphy Corp., 201 Mont. 488, 492, 656 P.2d 804, 806 (1982) (quoting Union Interchange, Inc. v. Parker, 138 Mont. 348, 354, 357 P.2d 339, 342 (1960)).
¶29 We have observed that leave to amend may be denied on the basis of several factors, including “undue delay, bad faith, and dilatory motive,” as well as “ ‘repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by allowance of the amendment, futility of amendment, etc.’ ” Farmers Coop. Assn., ¶ 13 (citations omitted). We also have upheld denial of a motion to amend where a party withheld its claims for strategic reasons until after a summary judgment ruling on other claims. Kershaw v. Mont. Dept. of Transportation, 2011 MT 170, ¶ 28, 361 Mont. 215, 257 P.3d 358.
¶30 In this case, upon concluding Weaver lacked standing to bring claims on behalf of Glacier Kitchens, the District Court denied him an opportunity to amend because the time for amendment set by the court’s scheduling order had expired. While this Court affords broad discretion to a trial court’s rulings on amendments to pleadings, expiration of a scheduling deadline is but one factor in the analysis. Lindey’s v. Professional Consultants, 244 Mont. 238, 242-43, 797 P.2d 920, 923-24 (1990) (upholding denial where amendment already had been allowed once, amendment would have caused substantial prejudice to the opposing parties, additional discovery would have been required, and the trial would have been unduly delayed); Textana, Inc. v. Klabzuba Oil & Gas, 2009 MT 401, ¶ 80, 353 Mont. 442, 222 P.3d 580 (amendment properly denied after repeated failures to meet pleading deadlines). We have noted the importance of balancing the justification for amendment against considerations of prejudice to the opposing party. Farmers Coop. Assn., ¶ 14; Textana, ¶ 79.
¶31 While the defendants present the indisputable proposition that *240 the District Court has the right to set and enforce scheduling deadlines, neither defendant even claims prejudice from allowing substitution of the proper party plaintiff. In my view, without any showing of prejudice by the defendants or balancing of the parties’ interests, it was an abuse of discretion for the court to summarily refuse amendment.
¶32 The record reflects exchange of extensive written discovery and it is not argued that substantial additional discovery would be required. Nor would amendment necessarily be futile. A party who proves breach of contract is entitled to compensation equal to what that party would receive if the contract were performed. Bradley v. Crow Tribe of Indians, 2005 MT 309, ¶ 29, 329 Mont. 448, 124 P.3d 1143; § 27-1-311, MCA. Contract damages may include lost profits, if the plaintiff can prove that “the loss of profits is the result” of the breach and that such profit in fact would have been derived. Lee v. Kane, 270 Mont. 505, 511, 893 P.2d 854, 857 (1995).
¶33 Certainly, Weaver may not be allowed to continue in a self-represented capacity to advance claims on behalf of Glacier Kitchens. As we noted in Zempel v. Liberty, 2006 MT 220, ¶ 18, 333 Mont. 417, 143 P.3d 123, a non-lawyer may not represent the interests of a third party in district court proceedings. Weaver has been informed in prior litigation that he may not represent other individuals or entities in court. Weaver v. Law Firm of Graybill, 246 Mont. 175, 178, 803 P.2d 1089, 1091 (1990). With proper representation, however, he should be given the opportunity to substitute the real party in interest.