ORIGINAL

FILED

03/17/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 20-0108



FILED

MAR 17 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## OP 20-0108

ERIC DEAN VANZOMEREN,

Petitioner,

v.                                                    O R D E R

CAPTAIN JASON KOWALSKI,

Respondent.

Eric Dean VanZomeren has filed a petition for a writ of habeas corpus, claiming that his incarceration is illegal because of statutory and constitutional violations. VanZomeren is currently placed at the Missoula Assessment and Sanction Center (MASC).

VanZomeren's attached Judgment shows that on June 4, 2019, he entered a plea of guilty to felony assault on a minor in the Thirteenth Judicial District Court, Yellowstone County. The District Court committed him to the Department of Corrections for a three-year term. VanZomeren received credit for time served prior to imposition of sentence from June 27, 2018, through June 4, 2019. VanZomeren did not appeal.

In his twenty-page petition, VanZomeren requests his immediate release from custody along with dropping the charge, overturning his conviction, awarding half of his sentence as credit for time served, and his release. He contends that the threat of being sentenced as a persistent felony offender (PFO) was used to reach a plea agreement. VanZomeren provides some factual background and puts forth claims of: (1) actual innocence; (2) ineffective assistance of counsel (IAC); (3) denial of jury trial; and (4) the Judge's failure to abide by the plea agreement. He concludes that these "errors" amount to violations of his due process rights.

VanZomeren's claims are not appropriate for a writ of habeas corpus. VanZomeren pleaded guilty to assault on a minor in a court of record. "'[A] defendant waives the right to appeal all nonjurisdictional defects upon voluntarily and knowingly entering a guilty

plea, including claims of constitutional violations which may have occurred prior to the plea.'" *State v. Pavey*, 2010 MT 104, ¶ 11, 356 Mont. 248, 231 P.3d 1104 (quoting *State v. Violette*, 2009 MT 19, ¶ 16, 349 Mont. 81, 201 P.3d 804). And he has exhausted his appeal remedy by failing to file a timely appeal. Section 46-22-101(2), MCA. VanZomeren is barred to raise any record-based IAC claims or other errors that could have been raised in a timely appeal. *See State v. Wright*, 2001 MT 282, ¶ 13, 307 Mont. 349, 42 P.3d 753.

Because he did not appeal, VanZomeren's conviction became final sixty days after June 4, 2019, or August 4, 2019. Section 46-21-102(1)(a), MCA. VanZomeren has a year from August 4, 2019, to file a timely petition for postconviction relief in the Yellowstone County District Court to the extent he wishes to raise non-record based ineffective assistance of counsel claims.

IT IS THEREFORE ORDERED that VanZomeren's Petition for a Writ of Habeas Corpus is DENIED.

The Clerk is directed to provide a copy of this Order to counsel of record and to Eric Dean VanZomeren personally.

DATED this 17 day of March, 2020.

_____

_____

_____

_____
                                                        Justices

2