IN THE SUPREME COURT OF THE STATE OF MONTANA
OP 21-0022



FILED

01/26/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0022

ANDREW DOUGLAS PAIGE,

Petitioner,

v.

PETE BLUDWORTH, Warden,
Crossroads Correctional Center,

Respondent.

JAN 2 6 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Representing himself, Andrew Paige puts forth that his sentence needs correction and includes a copy of the final judgment with his recently filed Petition for a Writ of Habeas Corpus. Paige also moves for appointment of counsel, contending that he needs legal representation to get "a fair deal."

On October 5, 2020, the First Judicial District Court, Lewis and Clark County, sentenced Paige for two counts of felony sexual abuse of children to the Montana State Prison for two, concurrent 100-year terms. The District Court imposed a twenty-five-year parole ineligibility restriction and awarded Paige 1,435 days of credit for time served. The court ran his sentence consecutively to a prior sentence for felony theft. The District Court designated Paige as a sexually violent predator and as a Level 3 sexual offender.

Paige claims that his sentence and incarceration are both illegal because: (1) the sentence violates the Eighth Amendment prohibiting cruel and unusual punishment; (2) the conditions are illegal; (3) the sex offender conditions are illegal; (4) his sentence was to run concurrently; and (5) the court-imposed parole restriction is illegal. Paige alleges claims of ineffective assistance of counsel stating that his counsel failed to object or failed to follow their agreement. Paige has filed a Notice of Appeal along with his Petition.

The District Court filed Paige's Judgment and Commitment on October 7, 2020. For this Court to obtain jurisdiction of a criminal appeal, Paige should have filed his Notice

of Appeal on or before December 6, 2020. M. R. App. P. 4(5)(b)(i). Instead, he filed his Notice along with his Petition on January 8, 2021.

Paige is not entitled to an appeal of his criminal convictions here nor is he entitled to habeas corpus relief for an alleged illegal sentence. Paige has not demonstrated an illegal sentence. Section 46-22-101(1), MCA. Paige's sentence does not violate the Eighth Amendment. The District Court had statutory authority, pursuant to § 45-5-625(1)(e), MCA, for the convictions and § 45-5-625(4), MCA (2015), for the sentencing.[1] "If the victim was 12 years of age or younger and the offender was 18 years of age or older at the time of the offense, the offender[] shall be punished by imprisonment in a state prison for a term of 100 years." Section 45-5-625(4)(a)(i), MCA. Next, the sentencing judge was required under Montana law to impose a parole ineligibility restriction, pursuant to § 45-5-625(4)(a)(i), MCA, stating that "during the first 25 years of imprisonment, the offender is not eligible for parole."

Neither the standard conditions nor sex offender conditions are illegal. The sentencing judge possessed statutory authority pursuant to § 46-18-201, and § 46-18-202, MCA. The judge designated Paige a level 3 offender, pursuant to § 46-18-207(1), MCA. Because Paige was sentenced under § 45-5-625(4), MCA, he must "remain in an outpatient sexual offender treatment program for the remainder of the person's life." Section 46-18-207(2)(a)(iii), MCA. Section 46-18-222(6), MCA, entitles a judge to impose treatment of an offender while incarcerated. Paige's two sentences for these sexual offenses were run concurrently to each other. Pursuant to § 46-18-401(4), MCA, "[s]eparate sentences for two or more offenses must run consecutively to each other unless the court otherwise orders." The District Court had authority to run Paige's sentence for the sexual offenses consecutively to his prior sentence for theft.

Paige did not object to the conditions when sentenced. We point out that by entering into a plea agreement, he has waived any challenge to his conditions. "'[A] defendant waives the right to appeal all nonjurisdictional defects upon voluntarily and knowingly

---

[1] Paige committed his offenses in 2016, and the 2015 version of the Montana Code Annotated applies.

entering a guilty plea, including claims of constitutional violations which may have occurred prior to the plea.'" *State v. Pavey*, 2010 MT 104, ¶ 11, 356 Mont. 248, 231 P.3d 1104 (quoting *State v. Violette*, 2009 MT 19, ¶ 16, 349 Mont. 81, 201 P.3d 804). Paige is not entitled to these conditions being amended or stricken. Given the foregoing, Paige is not entitled to legal representation in this original proceeding for habeas corpus relief. Section 46-8-104, MCA.

We remind Paige that he received a fair deal. He pleaded guilty to two counts in exchange for the State's dismissal of seven other counts of felony sexual offenses. Paige has received the benefit of the bargain by entering into a plea agreement with the State. We conclude that Paige has not demonstrated illegal incarceration, and his sentence does not need correction. Section 46-22-101(1), MCA.

The proper remedy for non-record-based claims of ineffective assistance of counsel is postconviction relief under § 46-21-102(1), MCA, not state habeas corpus. We make no express or implied comment here as to the procedural or substantive merit of Paige's particular claims of ineffective assistance of counsel for purposes of postconviction relief. Accordingly,

IT IS ORDERED that Paige's Petition for a Writ of Habeas Corpus is DENIED and that Paige's Motion for Appointment of Counsel is DENIED.

The Clerk of the Supreme Court is directed to provide a copy of this Order to counsel of record and to Andrew Paige personally.

DATED this 26th day of January, 2021.

Chief Justice

3

_____
Justices