

FILED

03/09/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0087

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## OP 21-0087

SCOTT LANE MERRILL,

Petitioner,

v.

STATE OF MONTANA, CHOUTEAU COUNTY
DETENTION CENTER, SHERIFF VERN BURDICK,

Respondents.

FILED

MAR 0 9 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Representing himself, Scott Lane Merrill has filed a Petition for a Writ of Habeas Corpus, indicating that he is entitled to more credit for jail time served. He requests his immediate release and the dismissal of charges. We amend the caption to include the Sheriff's name for the Chouteau County Detention Center, where Merrill is presently held. Section 46-22-201(1)(c), MCA.

Merrill includes several attachments and explains that he was arrested on November 23, 2019, without an arrest warrant. He provides that he has spent 339 days in jail and that his speedy trial right has been violated. Merrill contends that his right to be free from double jeopardy was violated because he was charged with failure to give notice of change of residence, pursuant to § 46-23-505, MCA, in his two criminal cases. He states that he received 66 days of credit for jail time served, 188 days of street time, and 193 days of jail time credit, which he tallies to be 447 days of total credit. Merrill also raises claims of ineffective assistance of counsel and discusses the lack of medical care for an infected tooth while housed in jail.

While not made clear in Merrill's Petition, Merrill was serving a suspended sentence prior to the imposition of his second sentence in the Ninth Judicial District Court, Teton

County. Our review of his attachments shed some light on his criminal proceedings. On May 21, 2019, Merrill received a five-year suspended commitment for felony criminal possession of dangerous drugs to the Department of Corrections (DOC) (Cause No. DC-18-014). Merrill also received a six-month, suspended jail term for misdemeanor assault. The District Court awarded him 66 days of credit for jail time served. On November 25, 2019, the State of Montana filed a Petition to Revoke alleging that Merrill had violated some of his probationary conditions. Merrill and his counsel appeared on June 1, 2020, and the District Court revoked his suspended sentence. Merrill received a five-year commitment to the DOC with no time suspended. The District Court recommended screening, placement in a treatment facility, and followed by placement in a pre-release center. The court also awarded Merrill another 193 days of credit for jail time served along with 188 days of street time credit.

In his second proceeding, Merrill entered into a plea agreement regarding three offenses, filed on September 21, 2020. We secured a copy of the October 27, 2020 Judgment and Sentence (Cause No. DC-19-027). Merrill pleaded guilty via *Alford*[1] pleas to felony sexual intercourse without consent and felony failure to give notice of change of residence for violent or sexual offender registration per the Amended Information in exchange for dismissal of felony failure to return registration verification. The District Court sentenced Merrill to the DOC for a ten-year sentence with five years suspended for sexual intercourse without consent and imposed a five-year, suspended sentence for the remaining felony. The court awarded Merrill 340 days of jail time credit. All sentences were to run concurrently with each other.

Merrill's constitutional rights have not been violated. His right to a speedy trial does not apply here because he waived that right as noted in his copy of the attached plea agreement for his second criminal case. No violation of double jeopardy occurred. As

---

[1] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160 (1970).

2

explained above, he violated his probationary conditions of his original suspended sentence when he committed another crime. Merrill was only charged with failure to provide notice of change of residence in the second criminal proceeding.

Moreover, Merrill waived such constitutional challenges when he entered into a plea agreement with the State. "[A] defendant waives the right to appeal all nonjurisdictional defects upon voluntarily and knowingly entering a guilty plea, including claims of constitutional violations which may have occurred prior to the plea." *State v. Pavey*, 2010 MT 104, ¶ 11, 356 Mont. 248, 231 P.3d 1104 (citing *State v. Violette*, 2009 MT 19, P 16, 349 Mont. 81, 201 P.3d 804).

Merrill is not entitled to release or the dismissal of charges. He has not shown that his incarceration is illegal. Section 46-22-101(1), MCA. He has not demonstrated that he is entitled to more credit for jail time served. The District Court awarded him credit appropriately in each case. Merrill's sentences run concurrently, and some of the credit for time served may merge, or be added together, upon DOC's sentence calculation. Section 46-18-403(4), MCA; *State v. Tracy*, 2005 MT 28, ¶¶ 27-28, 327 Mont. 220, 113 P.3d 297. We point out that Merrill has not included a copy of any sentence calculation.

Merrill's other claims are outside the scope of habeas corpus.

IT IS ORDERED that Merrill's Petition for a Writ of Habeas Corpus is DENIED.

The Clerk is directed to provide a copy of this Order to counsel of record, to Sheriff Vern Burdick, and to Scott Lane Merrill personally.

DATED this ⁹ᵗʰ day of March, 2021.

_____
Chief Justice

_____

3

_____

_____

_____
Justices