

FILED

05/04/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0188

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 21-0188

FILED

MAY 0 4 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

RYAN LEE BROWN,

Petitioner,

v.

TOM GREEN, WARDEN, DAWSON
COUNTY CORRECTIONAL FACILITY,

Respondent.

O R D E R

Ryan Lee Brown has filed a Petition for Writ of Habeas Corpus, raising seven claims about his conviction and sentence from the Thirteenth Judicial District Court, Yellowstone County. He states that he has "an illegal conviction" and that on August 17, 2017, he was sentenced "to five years to the Department of Corrections on a plea agreement." Brown contends that his illegal incarceration is due to the following claims: (1) the District Court's lack of personal jurisdiction; (2) the District Court's lack of subject matter jurisdiction; (3) the sentence's basis of misinformation; (4) actual innocence; (5) an illegal sentence; (6) an unknowing and involuntary plea; and (7) ineffective assistance of counsel. Brown includes over a hundred pages of attachments.

From his attachments, Brown has criminal proceedings from 2015, 2016, and 2017 in the Yellowstone County District Court. Brown mentions these separate cases in his Petition. In April 2015, the State of Montana charged Brown with felony partner or family member assault (PFMA) and misdemeanor resisting arrest (Cause No. DC 15-0400). According to the register of actions for this case, the State filed its notice of its intent to seek persistent felony offender designation in May 2015. Brown entered a change of plea in August 2015, and the plea agreement was filed. The District Court sentenced Brown to the Department of Corrections (DOC) for a suspended five-year term and awarded him credit for jail time served (hereinafter 2015 sentence). He did not appeal.

In February 2016, the State charged Brown with felony PFMA and misdemeanor criminal destruction or tampering with communication device (Cause No. DC 16-0172). The State filed two subsequent charging documents, amending the felony to a misdemeanor. The State and Brown entered a plea agreement for both misdemeanors— PFMA and criminal destruction or tampering with communication device. In June 2016, the District Court imposed concurrent terms in the county jail of twelve months for the misdemeanor PFMA with 180 days suspended and a six-month term with all but 108 days suspended for the remaining misdemeanor.

In April 2017, the State charged Brown with felony PFMA (Cause No. DC 17-0376) and later sought persistent felony offender designation because of his conviction for the 2015 sentence. On August 17, 2017, the District Court revoked Brown's 2015 sentence and imposed a sentence of four years and 249 days to the DOC. On that same day, Brown pleaded guilty to his most recent offense, and the court sentenced Brown to the DOC for a five-year term to run consecutively to his sentence upon revocation. The court also awarded credit for time served. He did not appeal.

Habeas corpus affords an applicant an opportunity to challenge collaterally the legality of their present incarceration. *Lott v. State*, 2006 MT 279, ¶ 9, 334 Mont. 270, 150 P.3d 337; § 46-22-101(1), MCA. Six of Brown's seven claims are not cognizable under a writ of habeas corpus. We have stated several times before that "'a defendant waives the right to appeal all nonjurisdictional defects upon voluntarily and knowingly entering a guilty plea, including claims of constitutional violations which may have occurred prior to the plea.'" *State v. Pavey*, 2010 MT 104, ¶ 11, 365 Mont. 248, 231 P.3d 1104 (quoting *State v. Violette*, 2009 MT 19, ¶ 16, 349 Mont. 81, 201 P.3d 804). Jurisdictional claims and the claim challenging the voluntary and intelligent character of the plea may be brought in a direct appeal. *Pavey*, ¶ 11. Brown did not timely appeal any of his sentences, thereby exhausting the remedy of appeal. Brown could have moved the District Court to withdraw his plea. He did not do so. He could have sought postconviction relief in the District Court. Section 46-21-105, MCA. He did not do so. He is precluded from raising these issues

2

through this remedy. Section 46-22-101(2), MCA. Brown has waived his other claims with his guilty pleas. *Pavey*, ¶ 11.

Turning to his fifth claim of an illegal sentence, Brown argues that he is "serving a facially invalid sentence on a facially invalid conviction" and challenges his out-of-state conviction which was used as a basis for seeking persistent felony offender designation. He offers that he could not serve his DOC commitment because of an outstanding warrant from the State of Minnesota.

Brown has not demonstrated a facially invalid sentence for his 2017 conviction of felony PFMA. For a third or subsequent offense of PFMA, the District Court has statutory authority to sentence an offender, pursuant to § 45-5-206(3)(a)(iv), MCA (2015), to a "term of not less than 30 days and not more than 5 years." His five-year term to the DOC is facially valid and lawful. Brown has not met his burden for relief. *See Miller v. Eleventh Judicial Dist. Ct.* 2007 MT 58, ¶ 14, 336 Mont. 207, 154 P.3d 1186. He is also precluded from challenging his sentence upon revocation through this remedy. Section 46-22-101(2), MCA. Brown is not entitled to habeas corpus relief. Accordingly,

IT IS ORDERED that Brown's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk of the Supreme Court is directed to provide a copy of this Order to counsel of record and to Ryan Lee Brown personally.

DATED this 4 day of May, 2021.

_____
Chief Justice

_____

_____

3

_____

_____
Justices