

FILED

05/11/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0203

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 21-0203

LONNIE RAY HYLTON,

Petitioner,

v.

ALAN SCANTON, Administrator,
GREAT FALLS PRERELEASE CENTER,

Respondent.

FILED

MAY 11 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Lonnie Ray Hylton has filed a Petition for Writ of Habeas Corpus, indicating that his sentence and incarceration are both illegal. Hylton contends that his "public Defender failed to get a mental evaluation before [he] entered an Alford plea." He challenges the length of his ninety-year sentence and argues that it is too severe as compared to other persons. He states that he has never been in trouble before and that the "average sentence for [his] crime is 30 yrs with time suspended." He raises claims of incompetent counsel, nepotism, age discrimination, and head trauma for reasons why his matter should be remanded to the Missoula County District Court for a sentence reduction.

We secured copies of available electronic records. In August 2008, the State of Montana charged Hylton with two counts of vehicular homicide while under the influence, pursuant to § 45-5-106, MCA (2007), and three counts of criminal endangerment, pursuant to § 45-5-207, MCA (2007), after Hylton drove a vehicle without its headlights on, heading the wrong way at night on Interstate 90. The District Court sentenced Hylton to the Montana State Prison for two, concurrent terms of thirty years with no time suspended for the vehicular homicide while under the influence counts, and three consecutive, ten-year suspended terms for the remaining counts. Hylton did not appeal.

Hylton has not demonstrated an illegal sentence. Hylton received a sixty-year sentence with thirty years suspended. His sentence is valid under Montana statutes, reflecting the maximum punishment for the crimes, pursuant to § 45-5-106(3), MCA

(2007), and § 45-5-207(2), MCA (2007), respectively. He does not have a ninety-year sentence. Hylton is not entitled to a reduction of his sentence or remand for further relief.

Hylton has not shown that he is incarcerated illegally. He brings his claims, challenging a lack of an evaluation, his plea, and his counsel, approximately twelve years too late. Hylton has waived these claims. We have stated before that "'a defendant waives the right to appeal all nonjurisdictional defects upon voluntarily and knowingly entering a guilty plea, including claims of constitutional violations which may have occurred prior to the plea.'" *State v. Pavey*, 2010 MT 104, ¶ 11, 365 Mont. 248, 231 P.3d 1104 (quoting *State v. Violette*, 2009 MT 19, ¶ 16, 349 Mont. 81, 201 P.3d 804). Since Hylton failed to pursue a direct appeal of his conviction and sentence, he is barred from raising them now. Section 46-22-101(2), MCA. Therefore,

IT IS ORDERED that Hylton's Petition for Writ of Habeas Corpus is DENIED.

The Clerk is directed to provide a copy of this Order to counsel of record and to Lonnie Ray Hylton personally.

DATED this 11 day of May, 2021.

/s/ _____
Chief Justice

/s/ _____
/s/ _____
/s/ _____
/s/ _____
Justices

2