FILED

07/13/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0293

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 21-0293

CHRIS FINK,

      Petitioner,

v.

JIM SALMONSEN

      Respondent.

FILED

JUL 13 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Chris Fink has petitioned for habeas corpus relief, challenging his 2014 conviction for sexual assault. He contends he received ineffective assistance of counsel, was mistreated during detention by being handcuffed to a toilet for 14 days, believed he was receiving a commitment to Warm Springs, and that his sentence is an injustice. Fink requests that this Court review the record and the detective's interview of the six-year-old child.

This Court secured a copy of the sentencing judgment. On September 15, 2014, the Thirteenth Judicial District Court, Yellowstone County, sentenced Fink for felony sexual assault to the Department of Corrections after Fink entered a guilty plea in exchange for the dismissal of a felony criminal possession of dangerous drugs charge. The District Court ran Fink's sentence of twenty years with fifteen years suspended concurrently with another sentence from the Lewis and Clark County District Court. The court designated him a Level 2 sexual offender. Fink received credit for time served from April 13, 2012 to September 15, 2014. He did not appeal.

"The writ of habeas corpus is not available to attack the validity of the conviction or sentence of a person who has been adjudged guilty of an offense in a court of record and has exhausted the remedy of appeal." Section 46-22-101(2), MCA. Fink cannot collaterally attack his conviction some seven years later. By not appealing, he has

exhausted the remedy of appeal and is precluded from bringing his claims now through this writ. We further point out that by entering a guilty plea, he has waived any claims of mistreatment or ineffective assistance of counsel. "[A] defendant waives the right to appeal all nonjurisdictional defects upon voluntarily and knowingly entering a guilty plea, including claims of constitutional violations which may have occurred prior to the plea." *State v. Pavey*, 2010 MT 104, ¶ 11, 356 Mont. 248, 231 P.3d 1104 (quoting *State v. Violette*, 2009 MT 19, ¶ 16, 349 Mont. 81, 201 P.3d 804).

Fink has a valid sentence, and is not entitled to relief because he has not demonstrated illegal incarceration. Section 46-22-101(1), MCA. Accordingly,

IT IS ORDERED that the Petition for Writ of Habeas Corpus is DENIED.

The Clerk is directed to provide a copy of this Order to counsel of record and to Chris Fink personally.

DATED this 13th day of July, 2021.

_____
Chief Justice

_____

_____

_____

_____
Justices

2