ORIGINAL

FILED

02/15/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0040

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 22-0040

CHRISTOPHER W. ROBERTSON,

Petitioner,

v.

STATE OF MONTANA,

Respondent.

O R D E R

FILED

FEB 1 5 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Self-represented Petitioner Christopher W. Robertson has filed a Petition, requesting "Common Law Plain Error Review on Grounds of Double Jeopardy." He contends that a manifest miscarriage of justice has occurred from the violations of his protected fundamental constitutional rights. Robertson explains he "was convicted and punished for two charges that share the same criminal elements, from the same criminal objective and one being the lesser of the other."

This Court is familiar with Robertson's sentencing history. In 2019, the State of Montana charged Robertson with felony assault of a peace officer and misdemeanor resisting arrest in the Gallatin County District Court. A jury convicted him of the misdemeanor offense, but the jury could not reach a unanimous verdict on the felony charge. The State and Robertson entered into a plea agreement where he pleaded guilty to the felony. Robertson appealed on the issue of a violation of his right to a speedy trial. *State v. Robertson*, No. DA 19-0579, 2020 MT 267N, 2020 Mont. LEXIS 2464. This Court affirmed, finding no violation of his speedy trial right. *Robertson*, ¶¶ 11-13.

The Montana Rules of Appellate Procedure provide for extraordinary writs, and plain error review is not one of these original proceedings. M. R. App. P. 14(2). We could liberally construe his petition as one for habeas corpus relief, due to his double jeopardy claim. M. R. App. P. 14(2); § 46-22-101(1), MCA. *See Lott v. State*, 2006 MT 279, ¶ 22, 334 Mont. 270, 150 P.3d 337. His claim, however, goes to his convictions and not his sentence.

Robertson's claim that resisting arrest is a lesser included offense of assault on a peace officer is a collateral attack and has no merit. Resisting arrest is found in § 45-7-301, MCA, while the offense of assault on a peace officer is found in § 45-5-210, MCA. The offense of resisting arrest requires a peace officer to be attempting to effect an arrest. No such element exists with regard to the offense of assault on a peace officer. Further, Robertson would be precluded from raising the issue of double jeopardy in a petition for habeas corpus relief because he has appealed, thereby exhausting the remedy of appeal. Section 46-22-101(2), MCA.

We point out that Robertson, who represented himself on appeal, should have raised any structural defect or error under plain error review on direct appeal. *State v. Clemans*, 2018 MT 187, ¶ 20, 392 Mont. 214, 422 P.3d 1210. He did not. "Under the Sixth and Fourteenth Amendments to the United States Constitution, a criminally accused has the right to a fair and impartial jury trial and to require the government to prove every essential element of a charged offense beyond a reasonable doubt." *State v. Huffine*, 2018 MT 175, ¶ 22, 392 Mont. 103, 422 P.3d 102. Here, a jury found Robertson guilty of the misdemeanor offense, and Robertson pleaded guilty to the felony offense. Robertson has not demonstrated any double jeopardy violation. "'[A] defendant waives the right to appeal all nonjurisdictional defects upon voluntarily and knowingly entering a guilty plea, including claims of constitutional violations which may have occurred prior to the plea.'" *State v. Pavey*, 2010 MT 104, ¶ 11, 356 Mont. 248, 231 P.3d 1104 (quoting *State v. Violette*, 2009 MT 19, ¶ 16, 349 Mont. 81, 201 P.3d 804). Robertson comes too late to this Court to raise any claim of constitutional violations. Therefore,

IT IS ORDERED that Robertson's Petition is DENIED and DISMISSED.

The Clerk of the Supreme Court is directed to provide a copy of this Order to counsel of record and to Christopher W. Robertson personally.

DATED this 15 day of February, 2022.

_____
Chief Justice

2

_____

_____

_____

_____
Justices

3