
ORIGINAL

FILED

09/06/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0441

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## OP 22-0441

FILED

SEP 06 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

WESLEY W. CHARLO,

Petitioner,

v.                                                        O R D E R

BOB OLSON, S.T.A.R.T.,

Respondent.

---

Wesley W. Charlo has filed a "Petition for Writ of Habeas Corpus or any appropriate writ." Charlo explains that he seeks relief with this Court because the Missoula County District Court denied his two petitions for postconviction relief recently.

Charlo raises several claims, which we summarize. Charlo contends that his "sentence is predicated on misinformation." He provides that this misinformation exists in the pre-sentence investigation (PSI), causing him to have an illegal sentence. He asserts that "those petitions were based on due process violations," due to this alleged misinformation. Charlo requests resentencing or withdrawal of his guilty pleas because he "did not have the opportunity to look over the plea agreement til after sentencing." He also contends that the court imposed a "triple IT surcharge, which is illegal." *See State v. Ellison*, 2017 MT 88, ¶ 24, 387 Mont. 243, 393 P.3d 192.

Charlo's remedy is not with this Court or through a writ here. Section 46-22-101(2), MCA. His sentences are valid. We have explained this to Charlo previously.

Earlier this year, this Court dismissed his petition for habeas corpus relief when the State of Montana responded that on January 20, 2022, the Lake County District Court had already issued an order vacating his 2012 conviction for failure to register as a violent offender. *Charlo v. McDermott*, No. OP 22-0553, Order (Mont. Feb. 15, 2022) (*Charlo I*).

Charlo then sought relief again because of his claims that the Missoula County District Court had no jurisdiction to initiate revocation proceedings when the Lake County case had been dismissed. *Charlo v. Olson*, No. OP 22-0302, Order (Mont. Jun. 28, 2022) (*Charlo II*). By way of background, we provide Charlo's history from Missoula County.

> Available electronic records indicate that on December 21, 2020, the Missoula County District Court sentenced Charlo in three separate matters and dismissed a fourth case. The District Court imposed a six-month, suspended jail term for misdemeanor theft of labor or services and dismissed the felony burglary offense (hereinafter jail term for Cause No. DC-19-236). The District Court accepted Charlo's guilty plea to felony criminal possession of dangerous drugs with intent to distribute and felony criminal possession of dangerous drugs (all other drugs), committing him to the Department of Corrections (DOC) for a ten-year suspended term and five-year suspended term, respectively (hereinafter first 2020 sentence for Cause No. DC-19-476). The District Court also committed Charlo to the DOC for a five-year suspended term for felony criminal possession of dangerous drugs (all other drugs) (hereinafter second 2020 sentence for Cause No. DC-20-268). The District Court ran the first and second 2020 sentences concurrently with each other and with the jail term.

*Charlo II*, at 1-2. We stated that "Charlo was a probationer for his first and second 2020 sentences when he violated the conditions of his suspended sentences." *Charlo II*, at 2. We explained that "[h]is existing DOC commitments were used to begin the revocation proceedings. Section 46-18-203(7), MCA." *Charlo II*, at 2-3. We concluded that Charlo could not use the remedy of habeas corpus to challenge his sentences on revocation and that his incarceration was not illegal.[1] Section 46-22-101(2), MCA.

Charlo's instant claims have no merit. The Lake County District Court did not dismiss his 2012 conviction until January 20, 2022, well after his convictions, the PSI, and sentences arising in the Missoula County District Court. Charlo is too late to challenge his global plea agreement, as attached. "'[A] defendant waives the right to appeal all

---

[1] This Court dismissed his third petition for habeas corpus relief because Charlo did not present a prima facie case. *See Charlo v. Olson*, No. OP 22-0409, Order at 1 (Mont. Aug. 16, 2022) (*Charlo III*).

2

nonjurisdictional defects upon voluntarily and knowingly entering a guilty plea, including claims of constitutional violations which may have occurred prior to the plea.'" *State v. Pavey*, 2010 MT 104, ¶ 11, 356 Mont. 248, 231 P.3d 1104 (quoting *State v. Violette*, 2009 MT 19, ¶ 16, 349 Mont. 81, 201 P.3d 804). Charlo's claims would have been more appropriate in an appeal. His challenge to the IT surcharges is not proper here. We point out that the court information technology user surcharge is per user and that he had three, separate criminal cases in Missoula County. *Ellison*, ¶ 24. Charlo never appealed his convictions or sentences, and by seeking habeas corpus relief, he has exhausted the remedy of appeal. Section 46-22-101(2), MCA. As stated before, he is precluded from seeking relief now through habeas corpus with this Court. Section 46-22-101(2), MCA.

Charlo has filed three petitions with this Court in the last three months. We caution Charlo to refrain from repeatedly filing pleadings concerning his sentences. This Court will impose the requirement of a motion for leave to file if Charlo were to file another pleading challenging either his dismissed Lake County sentence or his sentences on revocation from Missoula County. Therefore,

IT IS ORDERED that Charlo's "Petition for Writ of Habeas Corpus or any appropriate writ[]" is DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to counsel of record and to Wesley W. Charlo personally.

DATED this ⸻ day of September, 2022.

                                                Chief Justice

_____

_____

Justices