FILED

11/22/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0624

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## OP 22-0624

LOREN KEITH SANDY,

Petitioner,

v.

SARGEANT BRADLEY BRAGG, LEWIS &
CLARK COUNTY DETENTION CENTER,

Respondent.

NOV 2 2 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Loren Keith Sandy petitions this Court for habeas corpus relief, indicating that his incarceration is illegal because he was not able to see and hear the Judge via video-conferencing during his sentencing hearing for felony aggravated assault. Sandy asserts that, pursuant to § 46-12-201(4), MCA, "[t]he audio-video communication must [operate] so that the [defendant] and the Judge can see and hear each other . . . ." He adds that he received a ten-year sentence to the Department of Corrections (DOC) from the First Judicial District Court, Lewis and Clark County. Sandy requests his immediate release.

We secured copies of Sandy's sentencing judgments. In open court, on April 8, 2020, Sandy appeared with counsel in the District Court for a change of plea and sentencing hearing. The court accepted his *Alford* plea[1] to aggravated assault, and Sandy received a ten-year suspended sentence to the DOC. Sandy did not appeal.

On September 22, 2022, Sandy again appeared with counsel in a proceeding to revoke his suspended sentence. He admitted to some of the allegations in the Report of Violation. The District Court revoked his suspended sentence, and imposed a ten-year sentence with six years suspended to the DOC. The court awarded credit for time served and over two years' credit of street time. Sandy did not appeal his sentence upon revocation.

---

[1] *N.C. v. Alford*, 400 U.S. 25, 91 S. Ct. 160 (1970).

Upon review, Sandy has not demonstrated illegal incarceration. Section 46-22-101(1), MCA. He has a facially valid sentence. Turning to his claim about the lack of proper video conferencing in April 2020, Sandy brings this claim too late to this Court and through the wrong remedy. The statute Sandy references concerns arraignments and audio-video communication. We point out that "'a defendant waives the right to appeal all nonjurisdictional defects upon voluntarily and knowingly entering a guilty plea, including claims of constitutional violations which may have occurred prior to the plea.'" *State v. Pavey*, 2010 MT 104, ¶ 11, 356 Mont. 248, 231 P.3d 1104 (quoting *State v. Violette*, 2009 MT 19, ¶ 16, 349 Mont. 81, 201 P.3d 804). Sandy has waived this claim when he pleaded guilty to the offense. Sandy has exhausted the remedy of appeal when he sought habeas corpus relief and he did not previously appeal his conviction and sentences. Section 46-22-101(2), MCA.

Sandy is not entitled to his release. Sandy is further constrained because he cannot challenge a sentence upon revocation through a writ of habeas corpus. Section 46-22-101(2), MCA. Accordingly,

IT IS ORDERED that Sandy's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk of the Supreme Court is directed to provide a copy of this Order to counsel of record; to Sgt. Bragg; and to Loren Keith Sandy personally.

DATED this 22nd day of November, 2022.

_____

_____

_____

_____

_____
Justices

2