ORIGINAL

FILED

03/14/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0148

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 23-0148

STATE OF MONTANA,

Plaintiff and Appellee,

v.

LOGAN DALLAS CHRISTOPHER,

Defendant and Appellant.

FILED

MAR 14 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Logan Dallas Christopher has filed a verified Petition for an Out-of-Time Appeal and includes a copy of the sentencing judgment.

Christopher indicates that he discussed filing a timely appeal with his attorney, but that his attorney failed to file it for him. Referencing *Strickland v. Washington*, Christopher puts forth that his criminal matter seems rushed because he only spent 127 days in jail "on a high[-]profile case before [he] was sentenced." He states that his attorney did not advise him "on different avenues for a defense[,] such as mental health and state of mind because of [his] use of drugs[.]" He contends that his counsel used "scare tactics because of the severity of [his] crime . . ." and that he "never saw or discussed the discovery of the case with [his] Attorney . . . ."

On July 15, 2020, the Ravalli County District Court accepted the written plea agreement, sentencing Christopher for five felony convictions. The District Court sentenced Christopher to prison for three concurrent, life terms for two counts of deliberate homicide and one count of attempted deliberate homicide. The court also imposed a consecutive, suspended ten-year term for criminal endangerment as well as a consecutive, unsuspended ten-year term for criminal possession with intent to distribute.

M. R. App. P. 4(6) allows this Court to grant an out-of-time appeal "[i]n the infrequent harsh case and under extraordinary circumstances amounting to a gross

miscarriage of justice[.]" "Extraordinary circumstances do not include mere mistake, inadvertence, or excusable neglect." M. R. App. P. 4(6).

Upon review, this Court concludes that extraordinary circumstances do not exist. Christopher seeks relief more than two and a half years after sentencing, and he does not provide any reason for delay. Contrary to his assertions, Christopher most likely received the benefit of the bargain. Christopher entered a plea agreement prior to sentencing, and that agreement yielded a total sentence of 120 years instead of 320 years, if all sentences were to run consecutively. This Court has repeatedly stated: "'[A] defendant waives the right to appeal all non-jurisdictional defects upon voluntarily and knowingly entering a guilty plea, including claims of constitutional violations which may have occurred prior to the plea." *State v. Pavey*, 2010 MT 104, ¶ 11, 356 Mont. 248, 231 P.3d 1104 (quoting *State v. Violette*, 2009 MT 19, ¶ 16, 349 Mont. 81, 201 P.3d 804.). Christopher has not shown that he retained any right of appeal in his written plea agreement. Christopher has not shown he is entitled to an out-of-time appeal, and denial of his Petition will not amount to a gross injustice. Therefore,

IT IS ORDERED that Christopher's Petition for an Out-of-Time Appeal is DENIED and DISMISSED.

The Clerk of the Supreme Court is directed to provide a copy of this Order to counsel of record and to Logan Dallas Christopher personally.

DATED this 14 day of March, 2023.

_____
Chief Justice

_____

_____

2

_____

_____
Justices