FILED

05/09/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 23-0236

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 23-0236

FILED

MAY 0 9 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

RICHARD GRANT HALL,

Petitioner,

v

ORDER

JAMES SALMONSEN, Warden,
Montana State Prison,

Respondent.

Richard Grant Hall petitions this Court for habeas corpus relief, indicating that his incarceration is illegal because he "was officially charged with only one count of abuse of children and not a second . . . ." Hall states that, at the time, he asked his counsel whether it "was legal to add another charge out of thin air to fulfill a need of plea . . ." and that he received no answer. Hall contends that some of the paperwork and text messages were "altered" and that his overall experience with his counsel and the court was frustrating. He further states that he felt rushed and forced to take a plea to the charges.

Hall includes one page of the final judgment with his Petition. According to the document, the State initially charged Hall in December 2021 with six counts—five charges of felony sexual abuse and one charge of felony sexual abuse of children—for crimes committed on or about October 1 through November 23, 2021. On August 10, 2022, the State amended its charges to two counts of sexual abuse of children. The Ravalli County District Court held a change of plea hearing on that day and Hall entered guilty pleas to the amended charges.

Available electronic records indicate that the District Court held a sentencing hearing on January 18, 2023. The court committed Hall to two concurrent terms of 100 years and imposed a parole eligibility restriction of fifty years. The court awarded credit for time served.

Hall cannot demonstrate illegal incarceration. He raises claims about the charges, his plea, and the evidence, which are all issues for a direct appeal, not a petition for habeas corpus relief. Section 46-22-101(2), MCA. We point out that the State initially charged Hall with six offenses, so Hall had notice that he was facing more than one count in December 2021. Furthermore, Hall agreed to the charges and entered a plea agreement. His challenges come too late and through the wrong remedy. This Court has explained before that "a defendant waives the right to appeal all nonjurisdictional defects upon voluntarily and knowingly entering a guilty plea, including claims of constitutional violations which may have occurred prior to the plea." *State v. Pavey*, 2010 MT 104, ¶ 11, 356 Mont. 248, 231 P.3d 1104 (quoting *State v. Violette*, 2009 MT 19, ¶ 16, 349 Mont. 81, 201 P.3d 804). Hall has waived any challenge to the convictions.

Hall is not entitled to a sentence reduction or habeas corpus relief. Section 46-22-101(1), MCA. Accordingly,

IT IS ORDERED that Hall's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk of the Supreme Court is directed to provide a copy of this Order to counsel of record and to Richard Grant Hall personally.

DATED this 9th day of May, 2023.

_____
Justices